**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 19 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AHMAD HAJJ, M.D., | No.  21-55300 |
| Plaintiff-Appellant, | D.C. No. 8:19-cv-02056-JLS-JDE |
| v. | |
| HISCOX DEDICATED CORPORATE MEMBER LTD., erroneously sued as "Underwriters at Lloyd's, London" and "Hiscox Insurance Agency", | MEMORANDUM* |
| Defendant-Appellee, | |
| and | |
| HISCOX INSURANCE COMPANY, INC.; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted January 14, 2022**
Pasadena, California

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:  M. SMITH and OWENS, Circuit Judges, and S. MURPHY, III,*** District Judge.

Plaintiff-Appellant Ahmad Hajj appeals from the district court's order granting summary judgment for Defendant-Appellee Hiscox Dedicated Corporate Member Ltd. ("Hiscox") on Hajj's claims for breach of contract and breach of the implied covenant of good faith and fair dealing.  As the parties are familiar with the facts, we do not recount them here.  Reviewing the district court's grant of summary judgment de novo, *Weber v. Allergan, Inc.*, 940 F.3d 1106, 1110 (9th Cir. 2019), we affirm.

1.  The insurance policies issued by Hiscox cover only claims both "made" against Hajj and "reported" to Hiscox within the applicable policy period.  And under California insurance law, "a claim is 'made' only when the party claimed against learns of the claim."  *Safeco Surplus Lines Co. v. Emp.'s Reinsurance Corp.*, 11 Cal. App. 4th 1403, 1408 (1992).  Here, as the district court correctly noted, Hajj's attorney in the underlying malpractice suit appeared on his behalf in a case management conference on March 6, 2017.  Because Hajj does not allege that this appearance was unauthorized, there is no genuine dispute that Hajj had learned of the malpractice claim by March 6, 2017, at the latest.  The malpractice claim,

---

***     The Honorable Stephen Joseph Murphy III, United States District Judge for the Eastern District of Michigan, sitting by designation.

2

therefore, was "made" outside the policy period for the 2017-18 Policy (i.e., May 9, 2017 to May 9, 2018), and Hiscox did not breach the insurance agreement by refusing to provide for Hajj's legal defense.

Nor did Hiscox breach the 2016-17 Policy, because it is undisputed that Hajj reported the claim on May 8, 2018, outside the applicable policy period (May 9, 2016 to May 9, 2017). For these reasons, the district court properly granted Hiscox's motion for summary judgment as to Hajj's breach of contract claim.

2. Hajj's claim for breach of the implied covenant of good faith and fair dealing fares no better. "[I]f there is no *potential* for coverage and, hence, no duty to defend under the terms of the [liability insurance] policy, there can be no action for breach of the implied covenant of good faith and fair dealing." *Waller v. Truck Ins. Exch., Inc.*, 900 P.2d 619, 639 (Cal. 1995), *as modified on denial of reh'g* (Oct. 26, 1995). As there was no potential for coverage under either of Hajj's insurance policies (for the reasons already discussed), the claim for breach of the covenant of good faith and fair dealing was properly dismissed.

**AFFIRMED.**